IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NGOC TRAN,

      Plaintiff,

      vs.

                                 Civil Action 2:14-cv-447
                                 Judge Watson
                                 Magistrate Judge King

CHUBB GROUP OF INSURANCE
COMPANIES, *et al.*,

      Defendants.

<u>OPINION AND ORDER</u>

      This matter is before the Court on defendant Federal Insurance Company's motions for protective order, ECF 45 ("*Defendant's First Motion for Protective Order*") and ECF 57 ("*Defendant's Second Motion for Protective Order*"), as well as plaintiff's motion to compel discovery and to extend discovery dates, ECF 56 ("*Plaintiff's Motion to Compel*").[1]

I.    BACKGROUND

      In October 2012, plaintiff applied to defendant Federal Insurance Company ("defendant")[2] for insurance coverage in connection with plaintiff's jewelry with an appraised value in the amount of $266,825.00 ("the jewelry"). *See* ECF 56-7 (copy of application). The

---

[1]The Court concludes that these motions may be resolved on the parties' filings and therefore declines to schedule oral argument on the motions. In addition, the Court notes that the parties have withdrawn their request for attorney's fees and monetary sanctions in connection with these motions. *See Joint Notice*, ECF 86.
[2]With the agreement of the parties, all other defendants have been dismissed. *Preliminary Pretrial Order*, ECF 17, p. 3.

application included a section entitled "Valuable Articles Profile[,]" which contained certain representations including, *inter alia*, a specification of the safety precautions taken for maintaining the jewelry. *See* ECF 56-6 (copy of profile). Plaintiff alleges that defendant issued an insurance policy providing coverage to plaintiff for jewelry having an appraised value of $266,825.00 ("the Policy"). *Complaint*, ECF 11, ¶ 2. The Policy specifically advises, "We do not provide coverage if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss." ECF 56-8, PAGE Y-1 (excerpt from the Policy).

Plaintiff alleges that, on June 13, 2013, her home was burglarized and that all but four pieces of her jewelry were stolen. *Complaint*, ¶ 3. Plaintiff further alleges that the remaining four pieces of jewelry were stolen during a second robbery that occurred on October 24, 2013. *Id*. at ¶ 7. Plaintiff claims that, although she "fully complied" with the Policy's requirements, defendant has "wrongfully refused to pay for this insured loss." *Id*. at ¶¶ 4-5, 8-9.

Plaintiff originally filed this action in the Court of Common Pleas for Franklin County, Ohio, seeking recovery under the Policy. *See Complaint*. The action was thereafter removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Notice of Removal*, ECF 1. This Court's scheduling order, issued pursuant to the provisions of Rule 16(b) of the Federal Rules of Civil Procedure,

required, *inter alia*, that all discovery be completed by March 31, 2015. *Preliminary Pretrial Order*, ECF 17, p. 2. Upon plaintiff's motions, ECF 24 and 62, the discovery deadline was ultimately extended to September 30, 2015, and the deadline for filing dispositive motions was extended to October 31, 2015. *Order*, ECF 67, p. 1 ("**There will be no further extension of these dates.**") (emphasis in the original).

On May 13, 2015, plaintiff noticed the deposition of defendant's corporate representative pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure. *Notice to Take Rule 30(b)(6) Deposition of Defendant Federal Insurance Company*, ECF 36 and 45-1 ("*Rule 30(b)(6) Notice*"). Plaintiff identified the following topics for deposition, which was noticed to take place on June 10, 2015:

> [1.] *The inception of the insurance contract relationship with the plaintiff*;
>
> [2.] *The process of review for insurance applications for valuables articles coverage*;
>
> [3.] *The decision to grant coverage in October of 2012, and renew coverage for the plaintiff in October of 2013*, and the status of coverage on both loss dates;
>
> [4.] The investigation by Defendant of the loss of June 13, 2013, and October 24, 2013 by plaintiff;
>
> [5.] The investigation of the sufficiency of the appraisals of the valuable articles insured by plaintiff;
>
> [6.] *The history of granting or denial of the valuable article coverages or similar coverage, by the defendant for other applicants, and the reasons for denial of valuable article coverages for any applicants, between October 1, 2009 and October 31, 2012*;
>
> [7.] All other matters reasonably related to the issues stated in the complaint.

[8.] It is required that Defendant bring the entire file relating to subject claim including all electronic data and correspondence not previously provided by the Defense.

[9.] It is required that Defendant bring all Correspondence, Emails and Other Documents, relating to any applications for valuable articles coverage, or similar coverage, received for either Chubb Group of Insurance Companies or Federal Insurance Company, between October 1, 2009, and October 31, 2012, including but not limited to, valuable articles profile(s), and personal inland marine application(s), including all information relating to acceptance of application for coverage, or denial of application for coverage.

*Id*. at 1-2 (emphasis added).

After defense counsel objected to the scope of this notice, the parties discussed proposed stipulations regarding their dispute. Specifically, plaintiff proposed that the parties stipulate to, *inter alia*, the following:

**The parties hereby stipulate and agree the application for insurance submitted by Plaintiff and the valuable articles profile submitted by Plaintiff with the application for insurance, contained no concealment or misrepresentation of any material fact, relating to the issuance of the policy of insurance, and the policy of insurance was in full force and effect as of June 13 2013, the date of the original loss.**

ECF 45-4, PAGEID#:264 (emphasis in the original). Defendant rejected this language and instead proposed, *inter alia*, the following language:

**The parties hereby stipulate and agree that Federal has not, and will not, attempt to rescind or have Federal Insurance Company Policy No. 13969002-01 issued to Ms. Tran declared void ab initio based on the concealment or misrepresentation of any fact in the application of insurance or valuable articles profile submitted by Ms. Tran.**

ECF 45-6, PAGEID#:274 (emphasis in the original). The parties were

4

unable to agree on stipulated language.  *See* ECF 45-2, 45-3, 45-4, 45-5, 45-6.

On June 8, 2015, *Defendant's First Motion for Protective Order* was filed, seeking a protective order from Topics 1 and 2, the first portion of Topic 3, and Topic 6[3] of the *Rule 30(b)(6) Notice*. Notwithstanding this filing, plaintiff deposed Lisa Darr, an investigator for defendant's Special Investigations Unit, on June 10, 2015.  *See Deposition of Federal Insurance Company by and through Lisa Darr*, ECF 68-1, p. 6 ("*Darr Deposition*").[4]

On June 12, 2015, plaintiff noticed the deposition of Jonathan L. Beauchamp for June 23, 2015,[5] identifying the following topics for deposition:

> [1.] *The inception of the insurance contract relationship with the plaintiff;*
>
> [2.] *The process of review for insurance applications for valuables articles coverage;*
>
> [3.] *The decision to grant coverage in October of 2012, and renew coverage for the plaintiff in October of 2013*, and the status of coverage on both loss dates;
>
> [4.] The investigation by Defendant of the loss of June 13, 2013, and October 24, 2013 by plaintiff;

---

[3] Defendant inadvertently omitted one of the topics in the *Rule 30(b)(6) Notice*, resulting in defendant's mistaken reference to Topic 5 instead of Topic 6.  *Compare Defendant's First Motion for Protective Order*, p. 2, *with* ECF 36 and 45-1.  It is clear from defendant's argument that it intended to seek a protective order as to Topic 6 regarding the history of granting or denying coverage by the defendant for other applicants.  *See supra* and *infra*.

[4] Defendant notes that this transcript, at the time of filing, is a draft transcript.  *Federal Insurance Company's Opposition to Plaintiff's June 17, 2015 Motion to Compel Discovery and Motion for Sanctions (ECF No. 56.)*, ECF 69 ("*Opposition to Motion to Compel*"), p. 6 n.3 (noting that she has 30 days after her deposition, *i.e.*, until July 22, 2015, to note and change any errata).

[5] Plaintiff also served a subpoena on Mr. Beauchamp on the same day.  *See* ECF 55 and 57-1.

[5.]  The investigation of the sufficiency of the appraisals of the valuable articles insured by plaintiff;

[6.]  *The history of granting or denial of the valuable article coverages or similar coverage, by the defendant for other applicants, and the reasons for denial of valuable article coverages for any applicants, between October 1, 2009 and October 31, 2012;*

[7.]  All other matters reasonably related to the issues stated in the complaint.

[8.]  It is required that Defendant bring the entire file relating to subject claim including all electronic data and correspondence not previously provided by the Defense.

[9.]  *It is required that Defendant bring all Correspondence, Emails and Other Documents, relating to any applications for valuable articles coverage, or similar coverage, received for either Chubb Group of Insurance Companies or Federal Insurance Company, between October 1, 2009, and October 31, 2012, including but not limited to, valuable articles profile(s), and personal inland marine application(s), including all information relating to acceptance of application for coverage, or denial of application for coverage.*

*Notice to Take Deposition*, ECF 55 and 57-1, pp. 1-2 (emphasis added)

("*Beauchamp Notice*").[6]

On the same day, plaintiff also served a notice of deposition and a subpoena on the Records Custodian for Marketsource Agency Network, LLC, and directed the witness to bring "[a]ll records for contracts for Federal Insurance Company initiated or processed by Marketsource Agency Network LLC ["Marketsource"] for 2012 and 2013, including the contract with Ngoc Tran."[7]  *Subpoena to Testify at a Deposition in a*

---

[6] The italicized deposition topics in the *Rule 30(b)(6) Notice* and *Beauchamp Notice* will be referred to collectively as "the disputed deposition topics."
[7] Marketsource is an excess surplus lines broker who finds hard-to-place insurance carriers.  *Deposition of Amy Jenkins*, ECF 52-1, p. 12 ("*Jenkins Deposition*").  Marketsource was apparently the entity that selected defendant

*Civil Action*, ECF 57-2, p. 3 ("*Marketsource Subpoena*").  Upon receipt of the *Beauchamp Notice* and the *Marketsource Subpoena*, defense counsel asked plaintiff's counsel to hold these requests in abeyance pending resolution of *Defendant's First Motion for Protective Order*, which defendant believed would also resolve the dispute regarding Mr. Beauchamp and Marketsource.  ECF 57-3, PAGEID#:954-955.  Defendant also advised that Mr. Beauchamp was unavailable on the date unilaterally chosen by plaintiff, offering to provide alternative dates if plaintiff would hold the current *Beauchamp Notice* in abeyance.  *Id*.  Plaintiff's counsel refused to hold the *Beauchamp Notice* and *Marketsource Subpoena* in abeyance, *see* ECF 57-4, and *Plaintiff's Motion to Compel* was filed,[8] complaining that Ms. Darr was unprepared, had not been advised prior to her deposition that she would be testifying as a corporate representative, and, "on advice of counsel refused to answer any questions relating to five of the seven areas listed in the notice of deposition." *Plaintiff's Motion to Compel*, p. 7.  Plaintiff seeks, *inter alia*, an order compelling defendant "to respond in good faith to the document request contained in the **Civil Rule 30(b)(6)** notice of deposition served on May 13, 2015, providing all information, including the electronic page used by the defendant to offer coverage in this case, and in other cases over a three year time." *Id*. at 14.  Defendant opposes *Plaintiff's Motion to Compel* and has filed *Defendant's Second Motion for Protective*

---

as the potential insurer of plaintiff's jewelry.  *Id*. at 13-14.
[8] *Plaintiff's Motion to Compel* is apparently plaintiff's response to *Defendant's First Motion for Protective Order*.

*Order*, seeking protection in connection with Topics 1 and 2, the first portion of Topic 3, and Topics 6 and 9 of the *Beauchamp Notice*, as well as the request for defendant's contracts processed by Marketsource (except for production of plaintiff's contract) sought by the *Marketsource Subpoena*.  Plaintiff has not responded to *Defendant's Second Motion for Protective Order*.

## II.  STANDARDS

Plaintiff has moved to compel certain documents.  Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to make a disclosure required under Rule 26(a), when a deponent fails to answer a question asked under Rule 30 or 31, a corporation fails to make a designation under Rule 30(b)(6) or 31(a)(4), or when a party fails to provide a proper response to an interrogatory under Rule 33 or a proper response to a request for production of documents under Rule 34.  Fed. R. Civ. P. 37(a)(3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under

8

Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).  In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

The party moving to compel discovery also must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2.  Although plaintiff has failed to technically comply with this requirement, it is clear that the parties have reached impasse. *See supra*.

Defendant has moved for the issuance of protective orders.  Rule 26 of the Federal Rules of Civil Procedure provides that a person resisting discovery may move the court, for good cause shown, to issue an order protecting the person or party from "annoyance,

embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Under Rule 26, a court may limit the scope of the disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). The grant or denial of motions for protective orders falls within the "broad discretion of the district court in managing the case." *Conti v. Am. Axle & Mfg.*, No. 08-1301, 326 F. App'x 900, at *903-04 (6th Cir. May 22, 2009) (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989)).

Finally, the party seeking a protective order must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met. *See Defendant's First Motion for Protective Order*, p. 2 (citing Exhibits A through F, attached thereto); *Defendant's Second Motion for Protective Order*, p. 2 (citing Exhibits C and D, attached thereto).

## III. DISCUSSION

Plaintiff seeks an order compelling production of the documents identified in its *Rule 30(b)(6) Notice*, "including the electronic page used by the defendant to offer coverage in this case, and in other cases over a three year time" as well as an order compelling defendant to produce "Rule 30(b)(6) representative(s)[] who will testify they have reviewed all information known or reasonably available to the Defendant[.]" *Plaintiff's Motion to Compel*, p. 14. According to plaintiff, this discovery is relevant and necessary because defendant

"clearly alleges a defense based upon concealment or misrepresentation of material fact in the two page valuable articles profile, the four page application for insurance, and globally" and that "[e]ven though the defendant admits that it failed to incorporate policy language required under Ohio law to create a remedy of void ab initio, defendant still wants to argue it can avoid responsibility for any intentional concealment or misrepresentation of material fact." *Id.* at 8 (citing, *inter alia*, the Policy, PAGE Y-1 regarding concealment or fraud). *See also id.* at 9-10. Plaintiff contends that defendant bears the burden under Ohio law when "seeking to void liability on the basis of an alleged material misstatement of fact[.]" *Id.* at 8. Plaintiff explains that "historical evidence of other transactions with other insureds for the same type of coverage would show Defendant would have offered the policy at the same rate" and that "[t]he only way to evaluate what is material is to review historical transactions, and evaluate when coverage was denied, and why coverage was denied." *Id.* at 10, 12.

Defendant disagrees that the requested discovery is relevant, explaining that representations material to the risk at the inception of an insurance policy are distinguished from representations material to the investigation of a claim, as are the defenses based on these misrepresentations. *Opposition to Motion to Compel*, pp. 4-5; *Defendant's Second Motion for Protective Order*, pp. 1-2 (complaining, *inter alia*, that plaintiff erroneously attempts to merge the two separate defenses). According to defendant, only the latter defense

11

based on misrepresentations material to the claim investigation is at issue in this case; defendant specifically represents that it is not seeking rescission of the Policy nor is it seeking to void the Policy *ab initio*.  *Defendant's First Motion for Protective Order*, pp. 3-11 (explaining further that its refusal to agree to plaintiff's proposed stipulation — which stipulated, *inter alia*, that plaintiff's application contained no concealment or misrepresentation of any material fact – was because plaintiff's application contained material false statements and defendant "cannot stipulate to something that is factually untrue"); *Defendant's Second Motion for Protective Order*, pp. 1-2; *Opposition to Motion to Compel*, pp. 3-5, 7.  Defendant therefore argues that the disputed discovery is irrelevant to the claims and defenses in this action because it relates only to whether defendant would have issued the Policy to plaintiff had it known the truth at the time of plaintiff's application – *i.e.,* a matter not at issue in this case.  *Id.; Defendant's First Motion for Protective Order*, pp. 11-12.  Defendant goes on to clarify that, contrary to plaintiff's contentions, Ms. Darr understood that she was testifying in her representative capacity for defendant on certain topics identified in the *Rule 30(b)(6) Notice*.  *Opposition to Motion to Compel*, pp. 6-7 (citing *Darr Deposition*, pp. 8, 11-12, and that defendant produced Ms. Darr on "the status of coverage on both loss dates" and on "[a]ll other matters reasonably related to the issues stated in the complaint").  *See also Defendant's Second Motion to Compel*, p. 2 (arguing that plaintiff's counsel deposed Ms. Darr on

June 10, 2015, and "had every opportunity to enquire as to which misrepresentations by Plaintiff Tran were relevant to her investigation of the loss and/or hampered her investigation"). Defendant further argues that the request to produce the documents identified in the deposition notices and in the *Marketsource Subpoena* is unduly burdensome.  *Defendant's First Motion for Protective Order*, pp. 4-5; *Defendant's Second Motion for Protective Order*, pp. 6-7.

Defendant represents that it does not seek rescission of or to void the Policy *ab initio* because defendant concedes that it does not believe that its Policy contains the necessary language required under Ohio law.  *Plaintiff's First Motion for Protective Order*, p. 7 (citing *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 219 (1971).  *See also Boggs*, 27 Ohio St.2d at 218-19 (providing, *inter alia*, that if an insured's statement is a warranty — *i.e.,* an insured's statement or description appearing on the face of the policy — a misstatement of fact voids a policy *ab initio* and that "[t]he insurer's decision to incorporate the statement in or to omit it from the policy generally controls whether the statement is a warranty or [simply] a representation").  Instead, defendant intends to rely on plaintiff's alleged misrepresentations made during defendant's investigation of plaintiff's claimed loss.  *See*, *e.g.*, *Defendant's First Motion to Compel*, p. 11; *Opposition to Motion to Compel*, p. 5.[9]

---

[9] However, according to defendant, "[t]hat is not to say that Plaintiff's [alleged] misrepresentations in the application documents are irrelevant on other issues such as credibility and Plaintiff Tran's pattern and practice of conduct, etc."  *Defendant's First Motion to Compel*, p. 11 n.2.

13

Based on this record and on defendant's articulation of its defense, the Court concludes that discovery regarding the "inception of the insurance contract relationship with the plaintiff," "[t]he process of review for insurance applications for valuable articles coverage," and defendant's decision to grant coverage in October 2012 and renew coverage in October 2013 as well as the "history of granting or denial of the valuable article coverages or similar coverage, by the defendant for other applicants, and the reasons for denial of valuable article coverages for any applicants, between October 1, 2009 and October 31, 2012" is of limited, if any, relevance to any party's claim or defense.  *See* Fed. R. Civ. P. 26(b)(1).

Defendant also contends that plaintiff's request for the production of a second Rule 30(b)(6) designee and Mr. Beauchamp on the disputed deposition topics is unduly burdensome.  *Defendant's First Motion for Protective Order*, p. 3; *Defendant's Second Motion for Protective Order*, pp. 6-7.  For example, plaintiff served the *Beauchamp Notice* eleven days — only seven of which were business days -- prior to the specified deposition date, which fell on a date when Mr. Beauchamp, who was located in Arizona, was unavailable.  *See Beauchamp Notice* (served on June 12, 2015 noticing a deposition on June 23, 2015); *Defendant's Second Motion for Protective Order*, p. 7.  This notice was unreasonable.  *See*, *e.g.*, *Brown v. Hendler*, No. 09-CIV-4486, 2011 U.S. Dist. LEXIS 9476, at *5 (S.D.N.Y. Jan. 31, 2011) ("Federal courts have also found compliance times of eight and seven days not to be reasonable."); *Donahoo v. Ohio Dep't of Youth Servs.*,

14

211 F.R.D. 303, 306 (N.D. Ohio 2002) ("Fed. R. Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding that six days' notice for deposition is unreasonable).

Moreover, defendant represents that it has nothing further to produce because it has already produced its file and plaintiff has not moved to compel the items listed in defendant's privilege log. *See Opposition to Motion to Compel*, p. 8. Under these circumstances, *Plaintiff's Motion to Compel* in this regard is not well-taken.

Finally, the Court notes that defendant seeks a protective order as to the records requested in the *Marketsource Subpoena*. *See Defendant's Second Motion to Compel*, pp. 8-9. *See also Marketsource Subpoena* (directing the witness to bring "[a]ll records for contracts for Federal Insurance Company initiated or processed by Marketsource"). Under Rule 45 of the Federal Rules of Civil Procedure, parties may command a nonparty to, *inter alia*, attend a deposition and/or produce documents. Fed. R. Civ. P. 45(a)(1). "[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought[.]" *Mann v. University of Cincinnati*, Nos. 95-3195 and 95-3292, 1997 U.S. App. LEXIS 12482, at *13 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). *See also Novovic v. Greyhound Lines,*

*Inc.*, 2:09-CV-00753, 2012 U.S. Dist. LEXIS 9203, at *23 (S.D. Ohio
Jan. 26, 2012) ("[A]bsent a claim of privilege, a party has no
standing to challenge a subpoena to a nonparty.") (quoting *Donahoo v.
Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002))
(internal quotation marks omitted). Defendant asserts that
information sought by plaintiff in the *Marketsource Subpoena* seeks
"confidential and proprietary business/underwriting information of
Federal and confidential personal information of other Federal clients
who are not party to this litigation." *Opposition to Motion to
Compel*, p. 2. Plaintiff has not challenged defendant's assertion.
The Court therefore concludes that defendant has standing to challenge
the *Marketsource Subpoena*. Moreover, for the reason discussed *supra*,
the requested documents, which contain proprietary and confidential
information, have little, if any, probative value to the claims and
defenses in this case.

    **WHEREUPON**, Federal Insurance Company's motions for protective
order, ECF 45 and ECF 57, are **GRANTED**, and plaintiff's motion to
compel discovery and to extend discovery dates, ECF 56, is **DENIED**.
Specifically, plaintiff is **PROHIBITED** from inquiring into Topics 1
("[t]he inception of the insurance contract relationship with the
plaintiff") and 2 ("[t]he process of review for insurance applications
of valuable articles coverage"), the first part of Topic 3 ("[t]he
decision to grant coverage in October of 2012, renew coverage for the
plaintiff in October of 2013"), Topic 6 ("[t]he history of granting or
denial of the valuable article coverages or similar coverage, by the

16

defendant for other applicants, and the reasons for denial of valuable article coverages for any applicants, between October 1, 2009 and October 31, 2012"), and Topic 9 ("all Correspondence, Emails and Other Documents, relating to any applications for valuable articles coverage, or similar coverage, received for either Chubb Group of Insurance Companies or Federal Insurance Company, between October 1, 2009, and October 31, 2012") of the *Rule 30(b)(6) Notice* and *Beauchamp Notice*.[10] Plaintiff is **PROHIBITED** from obtaining from Marketsource "[a]ll records for contracts for Federal Insurance Company initiated or processed by Marketsource Agency Network LLC for 2012 and 2013[,]" excluding plaintiff's application and processing documents.

Because the Court has determined that plaintiff is not entitled to compel the requested information, the Court concludes that plaintiff has not established good cause for extending the discovery completion date for 90 days following resolution of *Plaintiff's Motion to Compel*. **The deadlines for completing discovery and for filing dispositive motions therefore remain September 30, 2015, and October 31, 2015, respectively.** *Order*, ECF 67, p. 1.


August 26, 2015                              *s/Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge

---

[10] Defendant appears otherwise willing to produce Mr. Beauchamp on a mutually agreeable date. *See*, *e.g.*, *Defendant's Second Motion for Protective Order*, p. 8.