```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**NGOC TRAN,**

    **Plaintiff,**

                                  Civil Action 2:14-cv-447
    **vs.**                             Judge Watson
                                  Magistrate Judge King

**CHUBB GROUP OF INSURANCE
COMPANIES,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Federal Insurance Company's Fed. R. Civ. P. 36(a) Motion to Deem Admitted the First Set of Requests for Admissions Propounded on Plaintiff*, ECF 70 ("*Defendant's Motion*"). For the reasons that follow, *Defendant's Motion* is **GRANTED**.[1]

### I. BACKGROUND

Plaintiff alleges that defendant Federal Insurance Company ("defendant")[2] issued an insurance policy providing coverage to plaintiff for jewelry having an appraised value of $266,825.00 ("the Policy"). *Complaint*, ECF 11, ¶ 2. According to plaintiff, her home was burglarized on June 13, 2013, and all but four pieces of her jewelry were stolen. *Id*. at ¶ 3. Plaintiff further alleges that the remaining four pieces of jewelry were stolen during a second robbery

---

[1] The Court concludes that this motion may be resolved on the parties' filings and therefore declines to schedule oral argument on this motion. The Court further notes that defendant has withdrawn its request for attorney's fees and monetary sanctions in connection with this motion. *See Joint Notice*, ECF 86, p. 2.
[2] With the agreement of the parties, all other defendants have been dismissed. *Preliminary Pretrial Order*, ECF 17, p. 3.

that occurred on October 24, 2013.  *Id*. at ¶ 7.  Plaintiff claims that, although she "fully complied" with the Policy's requirements, defendant has "wrongfully refused to pay for this insured loss."  *Id*. at ¶¶ 4-5, 8-9.

On May 27, 2015, defendant served its first request for admissions on plaintiff.  *Exhibit A*, attached to *Defendant's Motion* ("Requests for Admission" or "Request No. ___").  After plaintiff responded to defendant's requests, *see Exhibit B*, attached to *Defendant's Motion* ("Plaintiff's Answers" or "Answer No. __"), defendant asked plaintiff to supplement her answers to the requests.  *See Exhibit C*, attached to *Defendant's Motion*.  When plaintiff failed to supplement, *Defendant's Motion* was filed, seeking to deem admitted the Requests for Admissions.  Plaintiff has filed *Plaintiff Tran's Memorandum Contra Defendant's Motion to Deem Admitted First Set of Requests for Admissions*, ECF 74 ("*Memo. Contra*"), and this matter is ripe for resolution with the filing of *Reply in Support of Federal Insurance Company's Fed. R. Civ. P. 36(a) Motion to Deem Admitted the First Set of Requests for Admissions Propounded on Plaintiff*, ECF 80 ("*Reply*").

**II.   STANDARD**

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

"The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).  *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).  In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'"  *Conti v. Am. Axle & Mfg. Inc.*, No. 08-1301, 326 F. App'x 900, at *907 (6th Cir. May 22, 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Rule 36 of the Federal Rules of Civil Procedure governs the Court's determination of whether answers or objections to admissions are sufficient.  Specifically, Rule 36 permits a party to

> serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A)  facts, the application of law to fact, or opinions about either; and
>
> (B)  the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  After considering a motion to determine the sufficiency of an answer or objection, a court may find that an objection was justified or, if not, order that an answer or amended answer be served or deem the matter admitted.  Fed. R. Civ. P. 36(a)(6).

Finally, a party filing a discovery motion must certify that it has exhausted extrajudicial efforts in attempting to obtain the requested discovery.  S.D. Ohio Civ. R. 37.2.  This requirement has been met in this case.  *Defendant's Motion*, p. 8 (certification).

**III. DISCUSSION**

Defendant attached copies of plaintiff's federal and state (Pennsylvania) individual and business tax return documents for the

4

years 2011 and 2012 to its Requests for Admission.[3]  All of the thirty Requests for Admission ask plaintiff to verify the authenticity of various documents and to verify the information contained in the returns.  For example, plaintiff asks the following:

> **REQUEST FOR ADMISSION NO. 1**:
>
> Please admit that the document attached as Exhibit A-1 hereto is a true and accurate copy of your 2011 Form 1040 U.S. Individual Income Tax Return.
>
> **ADMIT** \_\_\_\_         **DENY** \_\_\_\_
>
> If this request is denied, then please specify whether you admit any portion of this request.
>
> **REQUEST FOR ADMISSION NO. 2**:
>
> Please admit that Exhibit A-1 contains true and accurate information.
>
> **ADMIT** \_\_\_\_         **DENY** \_\_\_\_
>
> If this request is denied, then please specify whether you admit any portion of this request.
>
> **REQUEST FOR ADMISSION NO. 3**:
>
> Please admit that you provided the income information contained in Exhibit A-1 to MHC Tax Service and/or Martin H. Chan, CPA.
>
> **ADMIT** \_\_\_\_         **DENY** \_\_\_\_
>
> If this request is denied, then please specify whether you admit any portion of this request.
>
> **REQUEST FOR ADMISSION NO. 4**:
>
> Please admit that you authorized MHC Tax Service and/or Martin H. Chang, CPA to execute Exhibit A-1 for you.

---

[3] Defendant did not attach copies of these personal and business tax documents with the copy of the Requests for Admission filed with the Court.  *See id*.

**ADMIT** \_\_\_\_    **DENY** \_\_\_\_

If this request is denied, then please specify whether you admit any portion of this request.

**REQUEST FOR ADMISSION NO. 5**:

Please admit that Exhibit A-1 was filed with the Internal Revenue Service.

**ADMIT** \_\_\_\_    **DENY** \_\_\_\_

If this request is denied, then please specify whether you admit any portion of this request.

**REQUEST FOR ADMISSION NO. 6**:

Please admit that Exhibit A-1 accurately and truthfully reflects all income you earned in 2011.

**ADMIT** \_\_\_\_    **DENY** \_\_\_\_

If this request is denied, then please specify whether you admit any portion of this request.

*See* Requests for Admission (repeating the same questions as to all of the federal and state tax documents for the years 2011 and 2012).

After several general objections invoking privilege and challenging the relevancy, burden, and scope of the requests, plaintiff gave the following response to all thirty of the Requests for Admission:

> Objection. Plaintiff Tran incorporates the forgoing General Objections. This request is unduly burdensome and harassing because, upon information and belief, Defendant and its attorneys have requested information within their possession and control. Further this request is ambiguous, over broad, and unduly burdensome because it seeks a narrative response better suited to deposition testimony. Plaintiff Tran additionally states issues relating to tax returns and her knowledge and understanding of tax returns

6

>    was covered fully during the 10 hours of transcribed
>    deposition testimony, where an interpreter was available to
>    assist plaintiff in explaining and elaborating answers to
>    defendant's questions.
>
>    Without waiving objection and solely in the interest
>    of expediting discovery plaintiff Tran states:  the request
>    for admission is denied, I do not understand taxes I do not
>    want to answer correctly, I do not know the answer to this
>    Question.

*See* Plaintiff's Answers.

Defendant contends that its requests simply ask plaintiff to admit facts concerning the preparation and filing of her tax returns, including the verification of her own tax documents that were prepared for her and filed on her behalf. *Defendant's Motion*, p. 3.  Defendant argues that plaintiff's general denials and claimed lack of understanding of taxes are wholly insufficient and demonstrate her bad faith because the requests do not require an understanding of taxes. *Id*. at 3-5.  Defendant further argues that the Requests for Admission should be deemed admitted because plaintiff denied the requests without making the reasonable inquiry required by Rule 36(a)(4). *Id*. at 5-6.

In response, plaintiff primarily argues the merits of her claims and summarizes deposition testimony regarding alleged burglaries in plaintiff's neighborhood. *Memo. Contra*, pp. 1-4 (asserting, *inter alia*, that "[t]here is no evidence of the plaintiff having extra money from an unknown source to pay any significant debt obligations.  There is no evidence of the plaintiff or any resident of her household selling any jewelry following this theft").  Plaintiff also represents

7

that defendant inquired about her income history during her 13-hour deposition. *Id*. at 1-2. Plaintiff testified "that she did not understand tax law, and therefore could not truthfully answer questions about information contained on the tax returns. At the conclusion of this extended interrogation, the defendant submitted requests for admissions relating to information contained on certain Federal and State tax returns." *Id*. According to plaintiff, "[s]he responded to the request[s] for admissions along the same tenor of the answers to the same questions asked of her in the deposition; that she did not understand tax law and therefore did not know the answer." *Id*. at 2. Plaintiff goes on to assert that "[t]he entire issue of financial statements is an irrelevant collateral issue. Regardless, the plaintiff in good faith has answered questions truthfully to the best of her ability . . . in the response to the request for admissions." *Id*. at 4.

Defendant explains in reply that the information it seeks is relevant to the issues in this case. *Reply*, pp. 3-4. According to plaintiff's tax returns, her income was $1.00 and $4,391.00 in 2011 and 2012, respectively. *Id*. at 3 (citing *Exhibit A*, attached thereto (redacted copies of plaintiff's tax returns)). If these amounts are accurate, then plaintiff did not have sufficient income to pay for household living expenses and give her live-in boyfriend "a few hundred dollar[s]" whenever he requested, as he testified in his deposition. *Id*. (citing *Continued Deposition of Vandy Lim*, ECF 51, pp. 187-89). Defendant contends that the discovery it seeks regarding

8

plaintiff's income, *i.e.*, asking plaintiff to admit that her stated income is accurate, is relevant and her answers based on lack of knowledge are insufficient. *Id*. at 3-4. Defendant therefore asks for an order deeming the Requests for Admission admitted or, in the alternative, for an order compelling plaintiff to supplement her responses. *Id*. at 4. Defendant's arguments are well-taken.

Defendant's requests are relevant to the issues in this case and ask plaintiff to admit merely the authenticity of her tax returns and certain facts regarding the preparation and filing of those tax returns. The requested information is therefore within the possession of the plaintiff. *Cf*. Fed. R. Civ. P. 36(a)(4)("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."). Response to these requests does not require an understanding of the tax code and plaintiff's objection based on her lack of understanding of tax law therefore rings hollow.

Plaintiff also takes the position that the information sought by the Requests for Admission are "better suited to deposition testimony" and that defendant, in fact, asked plaintiff questions about her tax returns during that deposition. However, as plaintiff admits, "[s]he responded to the request for admissions along the same tenor of the answers to the same questions asked of her in the deposition; that she did not understand tax law and therefore did not know the answer."

9

*Memo. Contra*, p. 2.  For the reasons previously discussed, these answers to the Requests for Admission are insufficient.  Plaintiff must therefore supplement her answers to these requests.  *See* Fed. R. Civ. P. 36(a)(6).

**WHEREUPON**, *Federal Insurance Company's Fed. R. Civ. P. 36(a) Motion to Deem Admitted the First Set of Requests for Admissions Propounded on Plaintiff*, ECF 70, is **GRANTED**.  Plaintiff is **ORDERED** to supplement her responses to defendant's Requests for Admission no later than September 14, 2015. Plaintiff's failure to do so will result in an order deeming the requests admitted.


September 2, 2015                                         *s/Norah McCann King*
                                                          Norah M<sup>c</sup>Cann King
                                                          United States Magistrate Judge