```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**NGOC TRAN,**

      **Plaintiff,**

                                            **Civil Action 2:14-cv-447**
  **vs.**                                         **Judge Watson**
                                            **Magistrate Judge King**

**CHUBB GROUP OF INSURANCE COMPANIES,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Federal Insurance Company's Notice of Plaintiff's Failure to Comply With the Court's September 2, 2015 Order, Doc. #70, and Fed. R. Civ. P. 36(a) Request to Deem Admitted the First Set of Requests for Admissions Propounded on Plaintiff*, ECF 92 ("*Motion to Deem Admitted*") and on *Plaintiff Tran's Motion for Protective Order Relating to Defendant's Rule 36 First Requests for Admission*, ECF 99 ("*Motion for Protective Order*").  For the reasons that follow, the *Motion to Deem Admitted* is **GRANTED** and the *Motion for Protective Order* is **DENIED**.

**I.    Background**

Plaintiff alleges that defendant Federal Insurance Company ("defendant")[1] issued an insurance policy providing coverage to plaintiff for jewelry having an appraised value of $266,825.00 ("the Policy").  *Complaint*, ECF 11, ¶ 2.  According to plaintiff, her home

---

[1] With the agreement of the parties, all other defendants have been dismissed. *Preliminary Pretrial Order*, ECF 17, p. 3.

was burglarized on June 13, 2013, and all but four pieces of her jewelry were stolen. *Id*. at ¶ 3.  Plaintiff further alleges that the remaining four pieces of jewelry were stolen during a second robbery that occurred on October 24, 2013. *Id*. at ¶ 7.  Plaintiff claims that, although she "fully complied" with the Policy's requirements, defendant has "wrongfully refused to pay for this insured loss." *Id*. at ¶¶ 4-5, 8-9.

When it served its first requests for admission ("Requests for Admission"), defendant attached copies of plaintiff's federal and state (Pennsylvania) individual and business tax return documents for the years 2011 and 2012. *See* ECF 70; Exhibit A, attached thereto. All of the thirty Requests for Admission asked plaintiff to verify the authenticity of various documents and to verify the information contained in the returns. *See id*.  After the parties were unable to resolve their dispute regarding the sufficiency of plaintiff's responses to defendant's first Requests for Admission, defendant filed a motion to deem those requests admitted. *Id*.; Exhibits B and C, attached thereto.  On September 2, 2015, the Court granted defendant's motion, rejecting plaintiff's arguments that the requested information is irrelevant and requires knowledge of the tax code:

> Defendant's requests are relevant to the issues in this case and ask plaintiff to admit merely the authenticity of her tax returns and certain facts regarding the preparation and filing of those tax returns.  The requested information is therefore within the possession of the plaintiff. *Cf*. Fed. R. Civ. P. 36(a)(4)("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the

2

> information it knows or can readily obtain is insufficient to enable it to admit or deny."). Response to these requests does not require an understanding of the tax code and plaintiff's objection based on her lack of understanding of tax law therefore rings hollow.
>
> Plaintiff also takes the position that the information sought by the Requests for Admission are "better suited to deposition testimony" and that defendant, in fact, asked plaintiff questions about her tax returns during that deposition. However, as plaintiff admits, "[s]he responded to the request for admissions along the same tenor of the answers to the same questions asked of her in the deposition; that she did not understand tax law and therefore did not know the answer." *Memo. Contra*, p. 2. For the reasons previously discussed, these answers to the Requests for Admission are insufficient. Plaintiff must therefore supplement her answers to these requests. *See* Fed. R. Civ. P. 36(a)(6).

*Opinion and Order*, ECF 90, pp. 9-10 ("the *Opinion and Order*"). The Court ordered plaintiff to supplement her responses to defendant's Requests for Admission no later than September 14, 2015. *Id*. at 10. The Court specifically warned that "Plaintiff's failure to do so will result in an order deeming the requests admitted." *Id*.

On September 9, 2015, plaintiff served supplemental responses to the Requests for Admission. Exhibit A, attached to *Motion to Deem Admitted* (copies of supplemental responses without attachments) (collectively, "Supplemental Responses" or "Requests for Admissions"; individually, "Request No. __" or "Supplemental Response No. __"). On the same day, plaintiff also filed a notice with the Court, representing that she had served, by email, her Supplemental Responses "in compliance" with the *Opinion and Order*. *Notice of Response to Discovery*, ECF 91.

Defendant disagrees that plaintiff's Supplemental Responses are

3

compliant, arguing that plaintiff's Supplemental Responses are substantively identical to her original responses. Defendant asks that the Court therefore deem the requests admitted. *See Motion to Deem Admitted*. In response, plaintiff filed her *Motion for Protective Order* and a separate memorandum in opposition, ECF 100 ("*Plaintiff's Opposition*"). Thereafter, defendant filed its combined reply in support of its *Motion to Deem Admitted* and opposition to the *Motion for Protective Order*, ECF 105 ("*Defendant's Reply*"). Plaintiff has also filed a reply in support of her motion, ECF 106 ("*Plaintiff's Reply*"). These motions are now ripe for resolution.

## II.  Applicable Standards

Defendant seeks an order deeming the Requests for Admission admitted. This Court has previously set forth the standard governing relevance for discovery purposes under Rule 26(b) of the Federal Rules of Civil Procedure and Rule 36, which governs a court's determination of the sufficiency of responses to requests for admission. *Opinion and Order*, pp. 2-4. More briefly, relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3 389, 402 (6th Cir. 1998). Rule 36 permits a party to

> serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A)  facts, the application of law to fact, or opinions about either; and
>
> (B)  the genuineness of any described documents.

4

Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  After considering a motion to determine the sufficiency of an answer or objection, a court may find that an objection was justified or, if not, order that an answer or amended answer be served or deem the matter admitted.  Fed. R. Civ. P. 36(a)(6).  "'The court has substantial discretion to determine the propriety of such requests and the sufficiency of the responses.'" *Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *5 (W.D. Mich. Oct. 28, 2013) (quoting *Nat'l Independent Truckers Ins. Co. v. Gadway*, No. 8:10 CV 253, 2011 WL 5554802, at *2 (D. Neb. Nov. 15, 2011)).

Plaintiff has moved for a protective order.  Rule 26 of the Federal Rules of Civil Procedure provides that a person resisting discovery may move the court, for good cause shown, to issue an order

5

protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense [.]" Fed. R. Civ. P. 26(c)(1). Under Rule 26, a court may limit the scope of the disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). The grant or denial of motions for protective orders falls within the "broad discretion of the district court in managing the case." *Conti v. Am. Axle & Mfg.*, No. 08-1301, 326 F. App'x 900, at *903-04 (6th Cir. May 22, 2009) (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989)).

Finally, a party filing a discovery motion must certify that the party has exhausted extrajudicial efforts in attempting to obtain the requested discovery. S.D. Ohio Civ. R. 37.2. Although defendant did not technically comply with this requirement, plaintiff has certified that she has in good faith conferred or attempted to confer with defendant in an effort to resolve the parties' dispute. *Motion for Protective Order*, p. 1. Considering the present record and the context in which this discovery dispute arises, the Court concludes that its discretion is better exercised in considering the merits of the motions.

**III. Discussion**

As discussed *supra*, the thirty Requests for Admission ask plaintiff to verify the authenticity of her various tax documents and to verify the information contained in her tax returns. In initially responding to the Requests for Admission, plaintiff raised several general objections, claimed privilege, and challenged the relevancy,

6

burden, and scope of the requests; however, plaintiff also provided the following response to all thirty Requests for Admission:

> Objection.  Plaintiff Tran incorporates the forgoing General Objections.  This request is unduly burdensome and harassing because, upon information and belief, Defendant and its attorneys have requested information within their possession and control.  Further this request is ambiguous, over broad, and unduly burdensome because it seeks a narrative response better suited to deposition testimony.  Plaintiff Tran additionally states issues relating to tax returns and her knowledge and understanding of tax returns was covered fully during the 10 hours of transcribed deposition testimony, where an interpreter was available to assist plaintiff in explaining and elaborating answers to defendant's questions.
>
> Without waiving objection and solely in the interest of expediting discovery plaintiff Tran states:  the request for admission is denied, I do not understand taxes I do not want to answer correctly, I do not know the answer to this Question.

*Id*. at PAGEID#:1683-1684.

In her Supplemental Responses, plaintiff again states that she has a limited understanding of tax returns and therefore cannot answer the questions.  *See generally* Supplemental Responses.  More specifically, Requests for Admission Nos. 1, 7, 13, 19, and 25 ask plaintiff to admit that the attached documents are true and accurate copies of her tax returns.  *See* Exhibit A, attached to *Motion to Deem*. In her Supplemental Responses to these requests, plaintiff responds that she "Cannot Truthfully Admit or Deny" because "she does not understand taxes" and "does not know the answer[.]"  *See id*.

Requests for Admission Nos. 2, 6, 8, 12, 14, 18, 20, 24, 26, and 30 ask plaintiff to admit or deny whether the information in her tax returns is true and accurate; the requests do not ask whether

7

plaintiff's taxes were calculated correctly. *Id*. Plaintiff again responds that she "Cannot Truthfully Admit or Deny" because "she does not understand taxes" and "does not know the answer[.]" *Id*.

Requests for Admission Nos. 3, 4, 9, 10, 15, 16, 21, 22, 27, and 28 ask plaintiff to admit or deny that she provided the information contained in each tax return to her accountant and whether she authorized her accountant to execute the forms on her behalf. *Id*. Plaintiff repeats that she "Cannot Truthfully Admit or Deny" because "she does not understand taxes" and "does not know the answer[.]" *Id*. She also states, "She had no participation in sending any tax or income information to MHC and relied on others." *Id*. Plaintiff does not identify the referenced "others." *Id*.

Requests for Admission Nos. 5, 11, 17, 23, and 29 ask plaintiff to admit or deny whether each tax return attached to the requests was filed with the Internal Revenue Service or the Pennsylvania Department of Revenue. *Id*. Plaintiff again responds that she "Cannot Truthfully Admit or Deny" because "she does not understand taxes" and "does not know the answer[.]" *Id*. She reiterates that "[s]he had no participation in sending any tax or income information to MHC and relied on others." *Id*. Again, plaintiff does not identify the "others" upon whom she relied. *Id*.

Defendant contends that the Supplemental Responses fail to comply with the *Opinion and Order*. *Motion to Deem Admitted*, p. 3. For example, as it relates to Request for Admission No. 5, plaintiff states that she can neither admit nor deny that the attached tax

8

returns were filed even after having investigated the issue. *Id*. Defendant therefore asks that the Requests for Admission be deemed admitted. *Id*. at 3-4.

In defending her Supplemental Responses, plaintiff first refers to explanations purportedly offered during her deposition, but she fails to cite to the record where these explanations can be found. *See Motion for Protective Order*, pp. 1-2. Plaintiff also insists that, despite her lack of sophistication and limited understanding of tax law, she responded in good faith to the Requests for Admission:

> After receiving the Court order, plaintiff immediately commenced a best effort to inquire into the matters requested in the defendant's request for admission.
>
> The plaintiff is not a sophisticated, educated individual. She has only a high school diploma. Her primary language is the Cambodian language known as Khmer.
>
> She has never had any active participation in any tax preparation, and relied entirely on others to submit information relating to Federal and State taxes.
>
> Plaintiff is not an educated tax law specialist. She has investigated the matter to the best of her ability, and responded to the request for admission in good faith.

*Motion for Protective Order*, pp. 2-3. *See also Plaintiff's Opposition*, p. 1 (same). Plaintiff now contends that she has admitted that her accountant submitted for filing certain, unidentified, tax returns:

> Plaintiff's attorney contacted MHC tax preparation services. Her Attorney learned that MHC states income tax returns for her individually were filed by MHC in the tax year 2011 both Federal and State (Pennsylvania). She attached those filed returns to the response to the request for admissions, and admitted that MHC had filed those returns electronically. Similarly, MHC states and

9

> corporate tax returns for ProTeam Staffing were prepared and filed for Pennsylvania in 2012.  Plaintiff admitted that these returns had been filed by MHC, and attached them to her response to requests for admissions.
>
> Plaintiff's attorney learned from MHC that no other tax returns other than those three returns were filed.
>
> With this information, she then responded to each of the requests for admissions to the best of her ability.
>
> A tax specialist may have an opinion that tax returns prepared by MHC did not include financial transactions that should have been reported as income and expenses on the subject tax returns.
>
> The plaintiff however does not individually have an understanding of the tax law sufficient to admit or deny the request as to the accuracy of these tax returns.

*Plaintiff's Opposition*, pp. 1-2.  *See also Motion for Protective Order*, p. 5 (reiterating, in slightly different language, the communication with MHC tax preparation service).

Plaintiff reiterates that she is not a tax specialist and contends that the Requests for Admission "are designed to trap the plaintiff into admitting something she honestly does not know, and then using the subsequent admission to attempt to exclude coverage for what otherwise is a payable loss."  *Motion for Protective Order*, p. 6.  Plaintiff further argues that she "should not be placed in a position where she is forced to guess about information relating to her financial activities in 2011, two years before this loss, when she had no notice this information was going to become a part of this litigation."  *Id*.  Plaintiff again attacks the Requests for Admissions, contending that the requests are of limited relevance, unreasonably cumulative, and duplicative of information already

10

obtained on examination under oath.  *Id*. at 7-8; *Plaintiff's Opposition*, pp. 3-4; *Plaintiff's Reply*, pp. 1-2.  Plaintiff also represents that she has previously signed authorizations for defendant to obtain plaintiff's federal and state tax records, but that defendant has been unable to obtain any records.  *Plaintiff's Opposition*, p. 4.  Plaintiff's counsel represents that he has submitted a request for tax records from the Commonwealth of Pennsylvania and that he will provide those records to defendant if any are received.  *Id*.  Plaintiff also represents that her counsel will request her federal tax transcripts upon defendant's payment of the $50.00 fee associated with such a request.  *Id*.  Finally, plaintiff contends that a protective order is appropriate because "[t]he underlying question as to the relevancy of any of this information relating to 2011 income is properly considered by the Court at a pretrial."  *Id*.  *See also Plaintiff's Reply*, p. 2 (asking for a protective order "and leaving the issue of the relevance of these tax returns and admissibility of these tax returns for adjudication by the trial Court at the time of trial").

Defendant contends that the *Motion for Protective Order* and *Plaintiff's Opposition* are essentially untimely motions to reconsider the *Opinion and Order*. *Reply*, p. 5.  Plaintiff's disclaimer of knowledge of tax law, defendant argues, offers nothing new since the *Opinion and Order* and ignores her duty under Rule 26 to make a "reasonable inquiry."  *Reply*, p. 5.  Rejecting plaintiff's informal representations, made by her counsel in filings on plaintiff's behalf,

11

defendant notes that plaintiff's Supplemental Responses do not admit that any tax returns were filed. *Id*. at 8. In light of the prior *Opinion and Order* and the deficiency of plaintiff's Supplemental Responses, defendant asks that its Requests for Admission be deemed admitted. *Id*. at 8-10. This Court agrees.

As set forth in detail above, the Court previously addressed and rejected plaintiff's arguments regarding the relevancy of the Requests for Admission. *See Opinion and Order*, p. 9. The Court also rejected plaintiff's prior reliance on her deposition testimony in challenging the information requested by the Requests for Admission. *Id*. In granting defendant's motion to compel supplemental responses, the Court concluded that "[r]esponse to these requests does not require an understanding of the tax code and plaintiff's objection based on her lack of understanding of tax law therefore rings hollow." *Id*. Plaintiff was specifically warned that her failure to supplement her responses "will result in an order deeming the requests admitted." *Id*. at 10. Nevertheless, plaintiff has again refused to supplement the substance of her responses and either admit or deny the Requests for Admission. Based on this record, the Court concludes that plaintiff's Supplemental Responses are deficient and that defendant's Requests for Admission should be deemed admitted. *See* Fed. R. Civ. P. 36(a)(6); *Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *5 (W.D. Mich. Oct. 28, 2013); *Nurse Notes, Inc. v. Allstate Ins. Co.*, No. 10-CV-14481, 2011 WL 2173934, at *5-6 (E.D. Mich. June 2, 2011); *Fraker v. Marysville Exempted Vill. Sch.*, No.

12

2:08-CV-58, 2009 WL 414364, at *3 (S.D. Ohio Feb. 13, 2009).

**WHEREUPON**, *Federal Insurance Company's Notice of Plaintiff's Failure to Comply With the Court's September 2, 2015 Order, Doc. #70, and Fed. R. Civ. P. 36(a) Request to Deem Admitted the First Set of Requests for Admissions Propounded on Plaintiff*, ECF 92, is **GRANTED;** *Plaintiff Tran's Motion for Protective Order Relating to Defendant's Rule 36 First Requests for Admission*, ECF 99, is **DENIED.** Defendants' first Requests for Admission Nos. 1 through 30 are **DEEMED ADMITTED.**


December 23, 2015                                    *s/Norah McCann King*
                                                    Norah M$^c$Cann King
                                            United States Magistrate Judge